## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**ANGELA MCHONE and**    )
**MITCHELL MCHONE**    )
    )    **Case No.  1:21-cv-2901**
    **Plaintiffs,**    )
    )
**v.**    )
    )
**RONEY LAW FIRM, P.C.,**    )
    )
    **Defendant.**    )

## COMPLAINT

NOW COME the Plaintiffs, ANGELA MCHONE and MITCHELL MCHONE, by and through their attorneys, SMITHMARCO, P.C., and for their Complaint against the Defendant, RONEY LAW FIRM, P.C., the Plaintiffs state as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.   ANGELA MCHONE, (hereinafter, "Angela") is an individual who was at all relevant times residing in the City of Fort Collins, County of Larimer, State of Colorado.

5.   MITCHELL MCHONE, (hereinafter, "Mitchell") is an individual who was at all relevant times residing in the City of Fort Collins, County of Larimer, State of Colorado.

6.      The debt that Angela and/or Mitchell was allegedly obligated to pay was a debt allegedly owed by Angela and/or Mitchell to Herbies Auto Sales (hereinafter, "the Debt").

7.      The debt that Angela and/or Mitchell allegedly owed Herbies Auto Sales was for an auto loan which was for the personal use of Angela and/or Mitchell and/or used for household expenditure.

8.      At all relevant times, Plaintiffs were a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.      RONEY LAW FIRM, P.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Colorado.  Defendant's principal place of business is located in the State of Colorado.   Defendant is incorporated in the State of Colorado.

10.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13.     Defendant is a creditor who, in the process of collecting its own debt, used any name other that its own, which implied that a third party was collecting or attempting to collect such debts.

14.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

### COUNT I: ANGELA MCHONE v. RONEY LAW FIRM, P.C.

16.     On or about June 9, 2021, Defendant sent Angela a correspondence in an attempt to collect a debt allegedly owed by Angela to Herbies Auto Sales.

17.     The aforesaid correspondence was the initial communication with Angela.

18.     The aforesaid correspondence stated "In addition, you may also wish to consider the possible damage to your credit rating if you allow a lawsuit to be filed against you.

19.     Defendant's statement, as delineated in the previous paragraph, had the effect of conveying to an unsophisticated consumer that if Angela did not pay the debt she allegedly owed, and a lawsuit was filed against her, then her credit rating would be affected by the filing of the lawsuit.

20.     Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that the filing of a lawsuit will cause the matter to appear on Angela's credit report.

21.     Based on Defendant's representations as delineated above, Angela believed that if the Defendant filed its lawsuit against her, the account or case would appear on her credit report.

22.     Defendant's statement, as delineated above, had the effect of conveying to Angela that if she did not pay the debt she allegedly owed, and a lawsuit was filed to collect, then the filing of the lawsuit would have a detrimental effect on Angela's credit score.

23.     Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that the mere filing of a lawsuit does not appear on a consumer's credit file.

24.     Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that the mere filing of a lawsuit does not and cannot affect a consumer's credit rating.

25.     Only if a lawsuit is filed and Defendant is successful in obtaining a judgment against Plaintiff may the fact of this lawsuit appear on Plaintiff's credit file.

26.     Only if a lawsuit is filed and Defendant is successful in obtaining a judgment against Plaintiff may the fact of this lawsuit affect Plaintiff's credit score or rating.

27.     Moreover, upon information and belief, Defendant does not report credit accounts to any credit reporting agency is it is defined by 15 U.S.C. §1681a(f).

28.     Defendant's representations, as delineated above, were unfair and unconscionable as the threat that the mere filing of a lawsuit could harm her credit rating was made only to intimidate Angela into making payment against said debt.

29.     Defendant's representation, as delineated above, were statements made, the natural consequence of which was to harass and/or abuse Angela.

30.     At the time Defendant made the representations regarding the possible affect on her credit rating, Defendant had neither the intent nor the authority to report said debt to the consumer reporting agencies.

31.     In its attempts to collect the debt allegedly owed by Angela to Herbies Auto Sales, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

      a.   Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

b.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

c.  Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

d.  Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

e.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

f.  Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

g.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

32.     As a result of Defendant's violations as aforesaid, Angela has suffered, and continues to suffer, mental anguish and emotional distress and from anxiety brought by fear, causing headaches, loss of sleep and loss of appetite.  personal humiliation, embarrassment,.

WHEREFORE, Plaintiff, ANGELA MCHONE, by and through her attorneys, respectfully prays for Judgment to be entered in favor of ANGELA MCHONE and against Defendant as follows:

a.      All actual compensatory damages suffered;

b.      Statutory damages of $1,000.00;

c.      Plaintiff's attorneys' fees and costs;

d.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II: MITCHELL MCHONE v. RONEY LAW FIRM, P.C.

33.      On or about June 9, 2021, Defendant sent Mitchell a correspondence in an attempt to collect a debt allegedly owed by Mitchell to Herbies Auto Sales.

34.      The aforesaid correspondence was the initial communication with Mitchell.

35.      The aforesaid correspondence stated "In addition, you may also wish to consider the possible damage to your credit rating if you allow a lawsuit to be filed against you.

36.      Defendant's statement, as delineated in the previous paragraph, had the effect of conveying to an unsophisticated consumer that if Mitchell did not pay the debt she allegedly owed, and a lawsuit was filed against him, then his credit rating would be affected by the filing of the lawsuit.

37.      Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that the filing of a lawsuit will cause the matter to appear on Mitchell's credit report.

38.      Based on Defendant's representations as delineated above, Mitchell believed that if the Defendant filed its lawsuit against him, the account or case would appear on his credit report.

39.      Defendant's statement, as delineated above, had the effect of conveying to Mitchell that if he did not pay the debt she allegedly owed, and a lawsuit was filed to collect, then the filing of the lawsuit would have a detrimental effect on Mitchell's credit score.

40.      Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that the mere filing of a lawsuit does not appear on a consumer's credit file.

41.      Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that the mere filing of a lawsuit does not and cannot affect a consumer's credit rating.

42.     Only if a lawsuit is filed and Defendant is successful in obtaining a judgment against Plaintiff may the fact of this lawsuit appear on Plaintiff's credit file.

43.     Only if a lawsuit is filed and Defendant is successful in obtaining a judgment against Plaintiff may the fact of this lawsuit affect Plaintiff's credit score or rating.

44.     Moreover, upon information and belief, Defendant does not report credit accounts to any credit reporting agency is it is defined by 15 U.S.C. §1681a(f).

45.     Defendant's representations, as delineated above, were unfair and unconscionable as the threat that the mere filing of a lawsuit could harm her credit rating was made only to intimidate Mitchell into making payment against said debt.

46.     Defendant's representation, as delineated above, were statements made, the natural consequence of which was to harass and/or abuse Mitchell.

47.     At the time Defendant made the representations regarding the possible effect on his credit rating, Defendant had neither the intent nor the authority to report said debt to the consumer reporting agencies.

48.      In its attempts to collect the debt allegedly owed by Mitchell to Herbies Auto Sales, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a.  Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c.  Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    d.  Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    e.   Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    f.   Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    g.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

49.    As a result of Defendant's violations as aforesaid, Mitchell has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MITCHELL MCHONE, by and through his attorneys, respectfully prays for Judgment to be entered in favor of MITCHELL MCHONE and against Defendant as follows:

    a.   All actual compensatory damages suffered;

    b.   Statutory damages of $1,000.00;

    c.   Plaintiff's attorneys' fees and costs;

    d.   Any other relief deemed appropriate by this Honorable Court.

## V.    JURY DEMAND

50.    Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,
**ANGELA MCHONE &**
**MITCHELL MCHONE**

By: ___ s/ David M. Marco _____
    Attorney for Plaintiffs

Dated: October 29, 2021

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com